NOT DESIGNATED FOR PUBLICATION

No. 117,117

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAMELA LUANN HUTCHINSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed August 4, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before BRUNS, P.J., MCANANY, J., and STEVEN R. EBBERTS, District Judge, assigned.

*Per Curiam*:  Pamela Luann Hutchinson appeals from a judgment of the district court revoking her probation and requiring her to serve a modified prison sentence of 16 months. We granted Hutchinson's motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). Finding no error, we affirm the district court.

On December 2015, Hutchinson pled guilty to two counts of identity theft, both severity level 8 nonperson felonies. The district court sentenced her to an 18-month probation term with an underlying 18-month prison sentence. Hutchinson did not appeal her original sentence.

1

A few months later, Hutchinson stipulated to violating a number of the requirements of her probation. The district court extended her probation term 18 months from the date of the revocation hearing and imposed two consecutive 3-day quick dip tier 1 sanctions.

In July 2016, the State sought to revoke Hutchinson's probation for failing to report as directed, failing to obtain full-time employment, and failing to make payments toward courts costs and restitution. Hutchinson stipulated to the violations, and the court revoked her probation. Hutchinson asked the court for another chance at probation, citing her recent diagnosis of breast cancer as a reason for her noncompliance. The district court stated: "What I do know is that you failed miserably on probation. Twice. Now you're asking an opportunity for a third bite of the apple. We have limited resources. You've been extradited twice from different states because of probation violations. Non reporting, leaving the jurisdiction." The district court ordered Hutchinson to serve her sentence but modified her prison sentence from 18 months to 16 months.

Hutchinson appeals. She contends the district court erred in revoking her probation and ordering her to serve a modified prison sentence, but she fails to provide any reason, argument, or support for her contention. Further, she acknowledges that once the State has proven a violation of probation conditions, revocation is within the sound discretion of the district court. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of fact; or (3) the action is based on an error of law. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2012).

Based on our review of the record, we hold that the district court's decision to revoke Hutchinson's probation was not arbitrary, fanciful, or unreasonable. It was not

2

based on an error of fact or law. We cannot conclude that no reasonable person could take the position expressed by the district court.

Affirmed.